# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: S.D. & A.D.**

**No. 13-0917** (Pocahontas County 12-JA-07 & 12-JA-08)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Kristopher Faerber, appeals the Circuit Court of Pocahontas County's August 5, 2013, order terminating her parental rights to S.D. and A.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Martin V. Saffer, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court violated her procedural and substantive due process rights by allowing insufficient investigation into A.D.'s injuries, by allowing the State to delay production of discovery, and by not requiring the DHHR to make reasonable efforts at reunification. Petitioner also alleges that the circuit court erred in failing to provide her a meaningful dispositional hearing and in denying her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed an emergency ratification petition alleging that the parents abused the children. According to the petition, a Child Protective Services ("CPS") worker received a referral that three-month-old A.D. had sustained a head injury that resulted in a brain bleed and was being treated at the Greenbrier Valley Hospital emergency room. The CPS worker and a state trooper responded and interviewed the parents at the hospital, both of whom stated they did not injure the child or know who did. According to a nurse at the hospital, the child had bruises to the face, ear, and arm that were not consistent with accidental trauma. Due to the severity of the injuries, the child was transferred to Charleston Area Medical Center Women and Children's Hospital in Charleston, West Virginia.

The petition further alleged that, in the hours that followed, the CPS worker discovered that the father, N.D., returned to his residence rather than going to the hospital in Charleston to be with the child. As such, the CPS worker and trooper went to petitioner's home for further investigation. They discovered drug paraphernalia in the home and the father admitted to using

1

marijuana, though he denied owning the paraphernalia. The home was cluttered and dirty, with multiple holes in the walls, rat poison scattered about the kitchen, and numerous dirty bottles with curdled milk. There was also a bassinette with a broken leg and a mattress covered in black mold, which the father admitted the child had slept in until as recently as the night before when the bassinette's leg was broken. The CPS worker and trooper also viewed multiple videos of domestic altercations between the parents on the father's cell phone. In one video that the father stated was taken the night before, reference was made to A.D.'s head injury. Interviews with neighbors indicated that the parents frequently engaged in domestic altercations. One neighbor even stated that on July 4, 2012, the parents were fighting and petitioner threw A.D. at the father and told him to care for the child. Later, the CPS worker conferred with multiple medical professionals that confirmed A.D.'s injuries were non-accidental. A.D.'s treating physician, Dr. Mouna Chebib, stated that retinal scanning indicated the child had been shaken violently, resulting in severe retinal hemorrhages.

On July 25, 2012, the circuit court held a preliminary hearing and found probable cause to believe that the children were abused and neglected at the time of removal. The circuit court then held adjudicatory hearings on April 11, 12, and 15, 2013, and ultimately rejected the DHHR's assertion of aggravated circumstances based upon A.D.'s injuries. However, the circuit court did find the children to be abused and neglected due to evidence of domestic violence, drug paraphernalia and unsanitary conditions in the home, and the parents' failure to explain the serious injuries to A.D. The circuit court ordered both parents to undergo psychological evaluations and deferred ruling on petitioner's motion for an improvement period and supervised visitation until the results of her evaluation were known. In July of 2013, the circuit court held a dispositional hearing, during which it denied an improvement period and terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no violation of petitioner's due process rights, no error in the circuit court's denial of her request for an improvement period, and no error in the termination of her parental rights. To begin, the State's failure to identify the perpetrator of the child's injuries does not constitute an unreasonable investigation or a violation of petitioner's due process rights. The record is clear that the State performed a reasonable investigation into the child's injuries, despite petitioner's unreasonable argument that it did not attempt to exonerate the parents by pursuing criminal investigations against approximately ten individuals who had limited custody of the child prior to the injuries.

Further, petitioner's argument regarding an alleged due process violation regarding discovery production is without merit. Petitioner argues that "the Government must provide discovery" and that "failure to provide discovery is an absolute violation of due process." However, petitioner admits that all discovery was provided in this matter, albeit in an allegedly delayed manner. As such, it is clear that petitioner was provided the mandatory discovery contemplated by Rule 10 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

The Court similarly finds no merit in petitioner's argument regarding an allegedly untimely adjudicatory hearing, which petitioner supports by stating only that it was not held for over 250 days. We have previously held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). Petitioner cites to no time restrictions on the holding of an adjudicatory hearing, and the Court notes that this matter was especially complex, requiring testimony and opinions from medical professionals regarding the child's injuries. Therefore, the rules were not "substantially disregarded or frustrated" and the Court finds no error.

As to petitioner's argument that the circuit court violated her due process rights because it failed to require the DHHR to make reasonable efforts to reunify the family, the Court finds no merit to this argument. In the adjudicatory order, the circuit court specifically stated that the DHHR "shall provide services to the family to include psychological evaluations of the [parents]." It is undisputed that petitioner received such services, which constitute reasonable efforts to achieve reunification pursuant to West Virginia Code § 49-6-5(a), especially in light of the uncertainty surrounding the child's injuries.

The circuit court specifically delayed ruling on other services, such as supervised visitation, pending completion of the psychological evaluations so that there would be a better

understanding of what services would be appropriate. However, after reviewing petitioner's psychological evaluation, the circuit court found that petitioner was "not motivated to address [her] problems that led to the abuse and neglect of [her] children." Therefore, there were no additional efforts the DHHR could make to attempt reunification in light of petitioner's failure to acknowledge the underlying issues of abuse and neglect. The Court finds no merit in petitioner's argument that supervised visitation or an improvement period are required in order for the DHHR to have made reasonable efforts to achieve reunification. Quite the contrary in this matter, such efforts would have been unreasonable in light of the potential danger they posed to the children and their best interests. For these reasons, the Court finds that the DHHR made reasonable efforts to achieve reunification in this matter.

As to petitioner's argument that the circuit court erred in denying her request for a post-adjudicatory improvement period, West Virginia Code § 49-6-12(b)(2) gives circuit courts discretion in granting such improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to show, by clear and convincing evidence, that she would fully comply with the terms of a post-adjudicatory improvement period.

Petitioner argues that she satisfied this burden by admitting certain facts asserted in the DHHR's petition and acknowledging that she needed improvement in regard to the child's injuries, domestic violence, and the home's condition. However, these assertions are insufficient to show that petitioner would substantially comply with the terms of an improvement period in light of her failure to acknowledge the underlying conditions of abuse that necessitated the children's removal. Petitioner's argument on this issue is based almost entirely on her allegation that the State failed to properly investigate the child's actual abuser and her continued denial of inflicting injury upon the child. However, petitioner's argument fails to address the other issues of abuse present in the home. As noted in the dispositional order, petitioner's psychological evaluation indicated that she "minimized the harm to [the] child, the domestic violence in [the] home," and also failed to "acknowledge maltreatment of [the] children . . . ." Further evidence established that other than obtaining a new residence, petitioner "made no effort to improve [the] environment in order to safely return the children to the home."

We have previously held that

in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). Based upon the evidence above, it is clear that petitioner failed to acknowledge the abuse and neglect she perpetrated on the children. This encompasses more than the severe injuries to A.D.; it also

4

includes ongoing domestic violence issues and the conditions in the home. As such, it was not error to deny petitioner's motion for a post-adjudicatory improvement period.

Finally, as to petitioner's argument that she was denied a meaningful dispositional hearing, the Court finds no merit in this argument. According to petitioner, the circuit court was not permitted to simultaneously hear evidence regarding disposition and her motion for a post-adjudicatory improvement period and instead should have continued the matter for a hearing devoted entirely to disposition. However, the record does not support this argument. It is true that at the dispositional hearing, the circuit court heard arguments on petitioner's motion, but the hearing was very clearly a dispositional hearing and petitioner was afforded notice as required by Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and the opportunity to be heard as required by that same rule and West Virginia Code § 49-6-5(a). The adjudicatory order clearly stated that "[a] dispositional hearing shall be held . . . on May 22, 2013," and the record shows that this hearing was continued until July 24, 2013. Finally, the transcript of the July 24, 2013, hearing shows that the circuit court expressly began the hearing by stating that "we are here on a disposition."

Further, the Court finds that the evidence upon which the circuit court based its denial of petitioner's motion for a post-adjudicatory improvement period also supports termination of her parental rights. As noted above, petitioner made no progress in attempting to remedy the conditions of abuse and neglect in order to achieve reunification. Therefore, the circuit court was correct to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future in accordance with West Virginia Code § 49-6-5(b)(3). The circuit court further found that termination of petitioner's parental rights was in the children's best interest. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. While petitioner argues that the circuit court failed to consider any less restrictive alternatives to termination of parental rights at disposition, the Court finds no evidence of such a disregard for less restrictive alternatives in the record. To the contrary, petitioner's failure to acknowledge the conditions of abuse and neglect left the circuit court no option other than termination of parental rights. For these reasons, the Court finds no merit in petitioner's argument that the appropriate procedural rules regarding disposition were not followed.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 5, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II